UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JAMES C. BAKER, ) | |
| ) | |
| *Petitioner,* ) | Nos. 1:03-cv-398; 1:04-cv-47 / 1:00-cr-113 |
| v. ) | *Edgar* |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Respondent*. ) | |

## **MEMORANDUM**

James C. Baker ("Baker") moves for post-conviction relief pursuant to 28 U.S.C. § 2255. [Doc. No. 1]. When Baker filed his motion, he failed to include the necessary paperwork for a § 2255 motion. [*See id.*]. After the Court ordered Baker to do so [Doc. No. 2], Baker complied, but the Clerk's office inadvertently opened a new file, docketing the motion in Civil Action Number 1:04-cv-47. [Case No. 1:04-cv-47, Doc. No. 1]. The Court consolidated the two cases, leaving 1:03-cv-398 as the lead case. [Doc. Nos. 3, 4]. This memorandum and the accompanying order resolves both cases.

Following Baker's properly filed § 2255 motion, the Court ordered the United States to file a response. [Doc. No. 5]. The United States did so. [Doc. No. 6]. Baker subsequently filed a motion to amend his § 2255 motion [Doc. No. 7], to which the United States responded [Doc. No. 9]. After considering these motions and the government's responses, the Court will **DENY** Baker relief based on 28 U.S.C. § 2255. The record

-1-

conclusively shows that he is not entitled to any relief under 28 U.S.C. § 2255. There is no need for an evidentiary hearing.

**I.      Standard of Review Under 28 U.S.C. § 2255**

A federal prisoner may file a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence upon the ground that the sentence was imposed in violation of the United States Constitution. To obtain relief under § 2255, the movant bears the burden of establishing an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir.1999). "To prevail under 28 U.S.C. § 2255, a defendant must show a fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir.1994) (internal quotation omitted).

**II.     Facts**

On February 17, 2000, Bradley County law enforcement officers stopped the vehicle in which Baker was riding for a traffic violation. Upon approaching the vehicle one officer spotted, in plain view, a bag of marijuana. The officers then conducted a search of the vehicle, discovering cocaine and methamphetamine. The officers arrested Baker and the driver of the vehicle, Donald Lee Cantrell ("Cantrell").

On September 12, 2000, a grand jury returned a three-count indictment against Baker and Cantrell. Baker was only named in one count, charging that he and Cantrell possessed
-2-

with the intent to distribute more than 300 grams of methamphetamine. Baker was arrested on a federal arrest warrant on October 2, 2000. At his detention hearing, Baker was released on a personal recognizance bond with instructions to report to a rehabilitation center the same day. Baker failed to report and was arrested for escape on November 13, 2000.

Subsequently, the grand jury returned a seven-count superseding indictment against Baker and Cantrell. Baker was named in five counts and charged with possession with intent to distribute 50 or more grams or a mixture or substance containing methamphetamine (Count One); possession with intent to distribute marijuana (Count Two); conspiracy to distribute 500 grams or more of a mixture or substance containing methamphetamine (Count Five); escape from custody (Count Six); and possession of methamphetamine (Count Seven).

Baker moved to suppress all evidence seized during the search of the vehicle, but the Court denied the motion. Shortly thereafter, Baker entered a plea agreement with the government whereby Baker pleaded guilty to conspiring to distribute 500 grams or more of a mixture or substance containing methamphetamine (Count Five). In exchange, the government dismissed the remaining charges against Baker. Pursuant to the plea agreement, Baker retained his right to appeal the Court's denial of his motion to suppress.

The probation office prepared a presentence report for Baker. Based on his guilty plea, Baker's base offense level was 32. Baker received a two-level enhancement for possessing a firearm in connection with the drug offense and a two-level enhancement for obstruction of justice. Baker also received a three-level departure for acceptance of responsibility, resulting in a total offense level of 33. When combined with Baker's criminal

history category of III, Baker's guidelines range was 168 to 210 months imprisonment. However, by pleading guilty to 500 grams or more of a mixture or substance containing methamphetamine and by having a prior felony drug conviction, Baker faced a statutory range of twenty years to life imprisonment, pursuant to 21 U.S.C. § 841(b)(1)(A). Consequently, Baker's effective guideline range was 240 months.

At the sentencing hearing, the government moved for a downward departure pursuant to United States Sentencing Guidelines § 5K1.1. The Court granted the motion, departed below the statutory mandatory minimum, and sentenced Baker to 195 months imprisonment. Baker appealed the Court's denial of his motion to suppress, but the Sixth Circuit affirmed the Court's decision. *United States v. Baker*, No. 01-5643, 2002 WL 31475013, at *1 (6th Cir. Oct. 31, 2002). Baker timely filed this motion pursuant to 28 U.S.C. § 2255.

## III. Analysis

In his § 2255 motion Baker alleges multiple grounds to vacate, set aside, or correct his sentence: that the district court lacked jurisdiction; that the sentence imposed exceeded the statutory maximum; and that his counsel was ineffective in multiple fashions. After the Supreme Court's decision in *Blakely v. Washington*, ---U.S.---, 124 S.Ct. 2531 (2004), Baker moved to amend his § 2255 motion to include a claim based on *Blakely*. [Doc. No. 7]. After thoroughly reviewing the record, the Court will **DENY** Hall's § 2255 motion on each of these grounds.

### A. Lack of Jurisdiction Claim

Baker contends the Court lacked jurisdiction over his case for two reasons. First, Baker argues his indictment was defective for failing to include all of the essential elements of the offense. According to Baker, the indictment does not include the drug quantity. The indictment belies Baker's claim, including the drug quantity in the charge:

> The Grand Jury further charges that from on or about January 1, 1999 to September 1, 2000, in the Eastern District of Tennessee and elsewhere, the defendants, JAMES CLIFFORD BAKER and DONNIE LEE CANTRELL did combine, conspire, confederate, and agree to commit violations fo Title 21, United States Code, Section 841, that is, to distribute *500 grams or more* of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 846 and 841(b)(1)(A).

[Case No. 1:00-cr-113, Doc. No. 29, Superseding Indictment at Count Five] (emphasis added). The indictment was not defective in this regard, and the Court had jurisdiction.

Next, Baker argues the Court lacked jurisdiction because at the time of the arrest the drugs were not still moving in interstate commerce. According to Baker, "the mere fact that the drugs had at one point been transported in interstate commerce is not sufficient." [Doc. No. 1]. The Sixth Circuit has effectively foreclosed Baker's argument, explicitly holding that Congress can constitutionally criminalize solely intrastate drug crimes. *United States v. Brown*, 276 F.3d 211, 214-15 (6th Cir. 2002). In other words, jurisdiction over drug crimes does not depend upon a connection to interstate commerce. Consequently, regardless of whether Baker's drugs were still moving in interstate commerce, the Court had jurisdiction over Baker's case.

### B. Claim that the Sentence Exceeded the Statutory Maximum

Next, Baker contends that his 195-month sentence exceeded the statutory maximum. Baker pleaded guilty to conspiring to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine. [Case No. 1:00-cr-113, Doc. No. 48 at ¶ 1]. Because of the amount of methamphetamine to which Baker pleaded guilty, the appropriate sentencing provision was 21 U.S.C. § 841(b)(1)(A) which establishes a statutory maximum sentence of life imprisonment. Baker's 195-month sentence obviously does not exceed the statutory maximum.

### C. Ineffective Assistance of Counsel Claim

Baker also contends his counsel was ineffective. Ineffective assistance of counsel occurs when an attorney's deficient performance prejudices the defendant. *Lockhart v. Fretwell*, 506 U.S. 356, 369 (1993); *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Sowell v. Bradshaw*, 372 F.3d 821, 836 (6th Cir. 2004); *Smith v. Mitchell*, 348 F.3d 177, 199 (6th Cir. 2003); *Skaggs v. Parker*, 235 F.3d 261, 266-67 (6th Cir. 2000). In *Strickland* the Supreme Court set forth a two-part test for evaluating ineffective assistance of counsel claims. 466 U.S. at 687; *Sowell*, 372 F.3d at 836; *Smith*, 348 F.3d at 199. First, a defendant must demonstrate that counsel's performance was deficient, falling below an objective standard of reasonableness. *Id.*; *Sowell*, 372 F.3d at 836-37. Second, a defendant must establish that this deficient performance prejudiced the defense. *Id.*; *Sowell*, 372 F.3d at 836-37.

Case 1:03-cv-00398   Document 13   Filed 07/25/05   Page 6 of 10   PageID #: 23

In determining whether an attorney's conduct was deficient, a defendant must demonstrate that his attorney's errors were so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment to the United States Constitution. *Id.*; *Sowell*, 372 F.3d at 836. The Court's scrutiny of the reasonableness of counsel's performance is highly deferential. *Id.* at 689; *Sowell*, 372 F.3d at 837. Defense counsel is strongly presumed to have rendered adequate legal assistance and to have made all decisions in the exercise of reasonably professional judgment and sound strategy. *Nix v. Whiteside*, 475 U.S. 157, 165 (1986); *Strickland*, 466 U.S. at 689-90; *Sowell*, 372 F.3d at 837.

The second prong of the *Strickland* test requires a defendant to show that his attorney's deficient performance prejudiced his case. *Strickland*, 466 U.S. at 687; *Sowell*, 372 F.3d at 836; *Smith*, 348 F.3d at 199. To establish prejudice, the defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687; *accord Sowell*, 372 F.3d at 836; *Smith*, 348 F.3d at 199. A defendant must show a reasonable probability that, but for counsel's deficient performance, the result of the criminal proceeding would have been different. *Id.* at 694; *Smith*, 348 F.3d at 199. And when a defendant asserts an ineffective assistance of counsel claim in a plea agreement context, the defendant must demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *accord Maples v. Stegall*, 340 F.3d 433, 440 (6th Cir. 2003). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial or judicial proceeding. *Id.* at 693-94.

In the instant case, Baker contends his counsel was ineffective for failing to object at sentencing to a sentence that exceeded the statutory maximum; for raising a meritless argument on appeal while bypassing allegedly viable claims; and for failing to send trial transcripts to Baker. The Court finds each claim unpersuasive because Baker cannot show that the performance of his attorney was either deficient or prejudicial.

Baker first argues that his counsel was ineffective at sentencing for failing to object to a sentence that exceeded the statutory maximum. Baker's claim fails because his initial premise is incorrect: as discussed above, Baker's sentence did not exceed the statutory maximum. Consequently, his counsel's failure to raise such a meritless argument at sentencing was neither deficient nor prejudicial.

Next, Baker contends his counsel was ineffective for raising a meritless argument on appeal while bypassing allegedly viable claims. On appeal, Baker's counsel raised only one issue, questioning the district court's denial of his motion to suppress the evidence seized during the traffic stop. *United States v. Baker*, No. 01-5643, 2002 WL 31475013, at *1 (6th Cir. Oct. 31, 2002). Raising just this one issue does not constitute deficient performance, because Baker's counsel had no other issues to raise. To be clear, Baker moved to suppress the incriminating evidence. Upon the district court's denial of this motion, Baker pleaded guilty to one count of the indictment and was sentenced accordingly. In short, the lone appealable issue for Baker's case was the district court's denial of his motion to suppress. Baker's counsel's performance was not deficient for raising this one issue on appeal.

Moreover, raising just the one issue on appeal did not prejudice Baker. Baker alleges that his counsel did not raise several meritorious issues. However, Baker fails to identify these meritorious issues, indicating only that "[t]hese omitted issues were abundantly clear and obvious and were of significantly more legal strength and viability." [Doc. No. 1]. Apparently Baker believes one meritorious issue was that his sentence exceeded the statutory maximum. However, as discussed above, that claim was meritless. And in reviewing the record, the Court can find no other meritorious issues that Baker's counsel should have raised on appeal. Accordingly, Baker cannot show that his counsel's performance on appeal was prejudicial.

Lastly, Baker claims that his counsel was ineffective for failing to send the trial transcripts to Baker. Baker does not identify how his counsel's failure to provide him with the trial transcripts constitutes deficient performance. Moreover, Baker fails to indicate any resulting prejudice from not having the transcripts. And the Court cannot determine how this performance was deficient or prejudicial. Consequently, the Court finds that Baker's counsel's failure in this regard was not ineffective.

### D. *Blakely-Booker* Claim

Following the Supreme Court's decision in *Blakely v. Washington*, ---U.S.---, 124 S.Ct. 2531 (2004), Baker moved to amend his § 2255 motion to include a claim that his sentence was imposed in violation of *Blakely*. [Doc. No. 7]. The Court will **GRANT** Baker's motion to amend his § 2255 motion and will consider Baker's *Blakely* claim. This claim is now governed by the Supreme Court's intervening decision in *United States v.*

-9-

Case 1:03-cv-00398   Document 13   Filed 07/25/05   Page 9 of 10   PageID #: 26

*Booker*, ---U.S.---, 125 S.Ct. 738 (2005), which applied *Blakely* to the Federal Sentencing Guidelines.

*Booker* provides no relief to Baker. The Sixth Circuit has explicitly held that *Booker* does not apply retroactively in collateral proceedings. *Humphress v. United States*, 398 F.3d 855, 860-63 (6th Cir. 2005). This decision is in accord with every other circuit to consider the issue. *Lloyd v. United States*, 407 F.3d 608, 614 (3d Cir. 2005); *United States v. Fraser*, 407 F.3d 9, 11 (1st Cir. 2005); *Bey v. United States*, 399 F.3d 1266, 1269 (10th Cir. 2005); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005); *Green v. United States*, 397 F.3d 101, 103 (2d Cir. 2005). Because Baker's conviction was final before the *Booker* decision, *Booker* is inapplicable to his § 2255 motion and offers no relief.

A separate order will enter.

                                        */s/ R. Allan Edgar*
                                        R. ALLAN EDGAR
                         CHIEF UNITED STATES DISTRICT JUDGE